# NEW YORK

# CRIMINAL REPORTS.

*October, 1886.*

## PEOPLE v. SINGER.

### EXAMINATION OF ACCUSED BY GRAND JURY.

The privilege of a defendant in a criminal case to testify in his own behalf is one that cannot be forced upon him.

Where a defendant has been required to attend before a Grand Jury and has made a statement in answer to their interrogatories after being cautioned by the District Attorney as to answering, the indictment found against said defendant by such Grand Jury will be quashed.

MOTION to quash an indictment.

The facts sufficiently appear in the opinion.

*W. E. Slocum*, attorney for defendant, the Motion.

*John Fleming*, district attorney, for the people, opposed.

BARTLETT, J.—The defendant here is indicted for the crime of murder in the second degree. While she was in custody, pending a preliminary examination by a magistrate into the charge against her, the case was laid before the grand jury, which subsequently found this indictment. The grand jury caused the prisoner to be taken from the jail and brought before them, and interrogated her in reference to the charge against herself, which they were investigating. By this proceeding it is contended that she was forced to give evidence contrary to that provision of the Constitution of the State (also to be found in the Federal Constitution and

American State Constitutions generally) which declares that
no person shall " be compelled in any criminal case to be a
witness against himself." (Art. 1, Sec. 6).

In behalf of the prosecution, the principal answer to the
motion to quash the indictment on this ground is that no com-
pulsion was exercised in eliciting such statements as the pris-
oner made. . After she reached the grand jury room the dis-
trict attorney refused to ask her any questions himself and
told her that if she answered any questions it might hurt her,
and that she ought not to and was not obliged to answer, as
her answers might hurt or criminate her. However, accord-
ing to the minutes, she did answer a few questions freely,
being in the room perhaps five minutes. It does not appear
that she was sworn.

Section 257 of the Code of Criminal Procedure provides
that it is not the duty of the grand jury to hear evidence sub-
mitted by the defendant, " but it is their duty to weigh all
evidence submitted to them, and when they have reason to
believe that other evidence within their reach will explain
away the charge, they should order such evidence to be pro-
duced; and for that purpose may require the District Attor-
ney to issue process for the witnesses."

The suggestion is made that the grand jury sent for this
prisoner in the exercise of the powers conferred upon them
by this section. There is nothing to indicate that they did.
Furthermore, the privilege of a defendant in a criminal case
to testify in his own behalf is one which cannot be forced up-
on him. If he becomes a witness, it must be by his own act,
voluntarily, and without constraint put upon him by any of-
ficer or agency of the law. That this is the rule in criminal
trials there can be no doubt. In my opinion, no less stringent
rule is applicable to the investigation of a charge against a
particular person by a grand jury. The power of a grand
jury to cause explanatory evidence to be produced, if they
believe it is within reach, must be exercised with reference
to the limitation that so far as the accused person is concern-
ed, against whom the complaint is made before them and

against whom their inquiry is directed, he should not even be required to attend as a witness before them, unless of his own free will, best made certain by his own request.

It is not pretended that the appearance of this defendant before the grand jury was in any sense voluntary on her part. It is true she was cautioned by the district attorney as to answering, but there could have been no reason evident to her why she should heed this advice, rather than respond to the interrogatories of the grand jurors, who were apparently invested with equal authority. It was not necessary that her statement should be under oath to bring it within the purview of the bill of rights. A mere admission is enough. (*Boyd* v. *United States.*, 116 U. S., 616), I am satisfied, upon a careful consideration of all the circumstances, that this prisoner was compelled by the grand jury to give evidence against herself before that body, when it was investigating a charge of crime against her, and that the indictment should be quashed on that ground.

No precedent has been cited, nor am I aware of any, for the action of the grand jury in thus subjecting an accused prisoner to interrogation. The practice is too dangerous to be sanctioned without express legislative authority. " We have no right," said Lord Camden " without an act of Parliment, to adopt a new practice in the criminal law, which was never yet allowed from all antiquity" (*Entick* v. *Carrington*, 19 Howell's St. Tr. 1029). The duty of the court to be watchful of the constitutional rights of the citizen, and to guard against stealthy encroachment thereon, is emphasized by the Supreme Court of the United States in the Boyd case (already cited). Of the course pursued by the grand jury in the present case, we may well say what Mr. Justice BRADLEY said there, " It may be that it is the obnoxious thing in its mildest and least repulsive form ; but illegitimate and unconstitutional practices get their first footing in that way, namely, by silent approaches and slight deviations from legal modes of procedure. This can only be obviated by adhering to the rule that constitutional provisions for the security of

person and property should be liberally construed. A close and literal construction deprives them of half their efficacy and leads to gradual depreciation of the right."

The indictment must be quashed, and the case must be resubmitted to another grand jury—if possible, that now in session.

NOTE.—After a grand jury was impanelled one W. wrote a postal card to its members, requesting them to call upon him, had interviews with them, called their attention to a case to be brought before them requested their investigation of the same and made various statements regarding the facts of the case to them. *Held*, that an indictment thereafter found by the grand jury in such a case should be set aside. *People* v. *Selleck*, 4 N. Y. Crim, 329.

An indictment found upon the testimony of a physician as to privileged communications between himself and his patient, the disclosure of which is prohibited by section 834, of Code of Civ. Pro., will be set aside.

The grand jury can receive none but legal evidence which would be admissible on the trial. *Id.*

An indictment should be quashed if the wife of the defendant was permitted to testify against him before the grand jury contrary to law. *People* v. *Briggs*, 60 How, 17.